# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**MAXIE RAY DAVIS, JR.**

      Petitioner,

vs.                                                  **CIV. 07-1009 MCA/ACT**

**CHRISTOPHER BARELA**

      Respondent,

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Petitioner Maxie Ray Davis, Jr.'s Petition for Writ of Habeas Corpus. [Doc. No. 1]. Davis is appearing *pro se.* Davis filed his Petition on October 3, 2007. The Respondents filed an Answer, with accompanying Exhibits, on November 19, 2007. [Doc. No. 12]. Davis filed a letter in response on December 12, 2007. [Doc. No. 13]. The United States Magistrate Judge, having reviewed the Petition, the Answer, the accompanying Exhibits, Petitioner's response letter and the relevant law, recommends that the Petition for Writ of Habeas Corpus be DENIED AS MOOT.

## PROPOSED FINDINGS

## PROCEEDINGS AND PLEADINGS

1. At the time he filed his Petition for Writ of Habeas Corpus, Davis was incarcerated in the Dona Ana Country Detention Center. On October 19, 2007, Davis was transferred to the State of Florida pursuant to an Order for Extradition filed October 2, 2007.

2. Davis states that his habeas petition was filed to avoid extradition to the State of Florida on the grounds that if he was extradited to Florida his life would be in danger as he feared that his

brother would kill him or have him killed, and that he received ineffective assistance of counsel during the extradition process. [Doc. No. 1].

### DAVIS'S PETITION WILL BE CONSTRUED UNDER 28 U.S.C. § 2241

3. Because Davis is challenging extradition and not attacking the validity of a conviction and sentence, he is best described as a pretrial detainee and the applicable statute is 28 U.S.C. § 2241. *See Walck v. Edmondson,* 472 F.3d 1227, 1235 (10th Cir. 2007); *see also Jacobs v. McCaughtry*, 251 F.3d 596, 597 (7th Cir. 2001); *Gould v. Colorado,* 45 F.Appx 835, 836 n.1 (10th Cir. 2002).

### FACTUAL AND PROCEDURAL BACKGROUND

4. On August 7, 2007, Davis was taken into custody and booked at the Dona Ana County Detention Center as a fugitive from justice. [Doc. No. 12, Ex. B].

5. On October 2, 2007, an Order for Extradition was filed in the Third Judicial District Court for the State of New Mexico. [Doc. No. 12, Ex. A].

6. Davis filed a Petition for Writ of Habeas Corpus with this Court on October 3, 2007. [Doc. No. 1].

7. Pursuant to the Order for Extradition, Davis was extradited to the State of Florida on October 19, 2007. [Doc. No. 12, Exs. A and C].

8. On November 11, 2007, an Order to Show Cause was entered by this Court ordering Davis to respond within twenty (20) days from entry of the order indicating a current address or otherwise showing cause why his petition should not be dismissed. [Doc. No. 10].

9. An Answer Brief was filed by Respondent on November 19, 2007. [Doc. No. 12]. Davis responded via a letter to this Court dated November 29, 2007, and filed December 12, 2007. [Doc. No. 13]. Davis has not provided this Court with a current address.

DISCUSSION

10.   A fugitive who is in the custody of an asylum state may challenge his detention by seeking a federal writ of habeas corpus.  *See Gee v. Kansas,* 912 F.2d 414, 416 (10th Cir. 1990). Generally, only four issues may be raised in such a habeas proceeding: (1) whether the extradition documents are in order; (2) whether the petitioner is charged with a crime; (3) whether the petitioner is the person named in the extradition request; and, (4) whether the petitioner is a fugitive from justice.  *Id.* At 416 - 17.  Once a fugitive has been returned to the demanding state, the writ of habeas corpus is no longer available to challenge his confinement on grounds that arose in the asylum state. *See Gee,* 912 F.2d at 416; *Bey v. Keating,* 215 F.3d 1336 (Table), 2000 WL 633049 at *2 (10th Cir. 2000); *see also Harden v. Pataki,* 320 F.3d 1289, 1299 (11th Cir. 2003).  Davis has been extradited to Florida; therefore, habeas review is not proper.

11.   After a petitioner has been returned to the demanding state, a suit pursuant to 42 U.S.C. § 1983 is the correct process by which to redress the failure to follow extradition procedures.  *See, e.g., Harden,* 320 F.3d at 1299; *Ortega v. City of Kansas City,* 875 F.2d 1497, 1500 (10th Cir. 1989). Dismissal of this petition does not foreclose Davis's filing of such a suit.

CONCLUSION

The Court recommends that the Davis's Petition for Writ of Habeas Corpus be DENIED on the grounds that his petition is moot as he has been extradited to Florida.

NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN TEN (10) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102,  pursuant to 28 U.S.C. § 636(b)(1).

A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____

**Alan C. Torgerson**
**UNITED STATE MAGISTRATE JUDGE**